# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KIMBORUGHLY ANN FOSTER**             **CIVIL ACTION**

**VERSUS**

                                                      **NO. 20-359-SDD-SDJ**

**JAYDEN HOSPITALITY, LLC, et al.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on November 30, 2020.

*[Signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KIMBORUGHLY ANN FOSTER**                                  **CIVIL ACTION**

**VERSUS**

                                                            **NO. 20-359-SDD-SDJ**
**JAYDEN HOSPITALITY LLC, et al.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are a Rule 12(b)(6) Motion to Dismiss filed by Defendants Jayden Hospitality LLC, XSUM LLC, and Surat Hospitality LLC (collectively, "Defendants") (R. Doc. 4) and a Motion for Leave to Amend Complaint ("Motion for Leave") filed by *pro se* Plaintiff Kimborughly Ann Foster ("Plaintiff") (R. Doc. 13). Plaintiff opposes Defendants' Motion to Dismiss (R. Doc. 14). No opposition to Plaintiff's Motive for Leave has been filed. Considering these filings and the applicable law, and for the reasons set forth below, it is recommended that Plaintiff's Motion for Leave (R. Doc. 13) be **GRANTED** and Defendants' Motion to Dismiss (R. Doc. 4) be **DENIED AS MOOT**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On or about May 20, 2020, Plaintiff filed suit against Jayden Hospitality LLC, XSUM LLC, and Surat Hospitality LLC in state court.[1] Plaintiff's Petition brings causes of action for employment discrimination on the basis of sex in violation of the Civil Rights Act of 1964 and Title VII and its state equivalent, as well as on the basis of age in violation of the Age

---

[1] R. Doc. 1-4 at 3.

Discrimination in Employment Act of 1967 ("ADEA") and comparable state law.[2]  Plaintiff also brings claims for retaliation and harassment.[3]

According to Plaintiff in both her Petition and Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), she was hired on December 1, 2018, by Defendant Jayden Hospitality LLC ("Jayden Hospitality") as Corporate Director of Sales and Marketing.[4]  Jayden Hospitality, along with the other Defendants, owns and operates several hotels.[5]  Plaintiff claims that shortly after she began her employment, she discovered "numerous employment violations," of which she notified all Defendants.[6]  She further alleges that she had trouble "generat[ing] new accounts" and struggled "to maintain her current or increase[] her income earnings" because of the poor management of the hotels.[7]  Per Plaintiff, retaliation and hostile behavior toward her subsequently began, including having the number of hotels she oversaw reduced from four to two.[8]  She also claims that she complained to Defendant Deepesh Patel that she was not treated in the same way as a younger male colleague because she was made to wait 90 days to receive health insurance, while her colleague only had a 30-day waiting period.[9]  Plaintiff's employment subsequently was terminated for, according to Plaintiff, "the following reasons: dishonesty, discourtesy verbal abuse to another employee, and failure to follow instruction given on April 12, 2019 by Ravi Patel, Owner, male age 35 years and Prisha Patel, Human Resources Director, age 38."[10]

---

[2] *Id.* at 3 ¶ 1.
[3] *Id.*
[4] R. Doc. 1-4 at 13.
[5] *Id.*
[6] *Id.* at 6 ¶¶ 17, 19.
[7] *Id.* at 7 ¶ 22.
[8] *Id.* at 13.
[9] *Id*.
[10] *Id.*

On June 19, 2019, prior to filing the instant lawsuit, Plaintiff filed a claim with the EEOC, alleging discrimination based on sex and age as well as retaliation.[11] On February 19, 2020, the EEOC issued Plaintiff a "right-to-sue" letter.[12] Plaintiff then instigated this litigation. On June 11, 2020, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331.[13]

In response to Plaintiff's filing this lawsuit, Defendants filed the instant Rule 12(b)(6) Motion to Dismiss on June 19, 2020 (R. Doc. 4). Plaintiff filed an opposition thereto (R. Doc. 14) on October 1, 2020. That same day, Plaintiff filed her Motion for Leave to Amend Complaint (R. Doc. 13), addressed below.[14] On November 16, 2020, Defendants filed a second Motion to Dismiss (R. Doc. 21) in response to Plaintiff's Amended Complaint, which motion remains pending before this Court.

## II.  DISCUSSION

Although it was filed later, the Court will address Plaintiff's pending Motion for Leave (R. Doc. 13) before considering Defendants' initial Motion to Dismiss (R. Doc. 4), as the Court's handling of Defendants' Motion to Dismiss will depend on the outcome of Plaintiff's request to amend.

### A.  Plaintiff's Motion for Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have liberally construed Rule 15(a)(2) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("the liberal

---

[11] *Id.* at 4 ¶ 9, 13.
[12] *Id.* at 4 ¶ 10, 11.
[13] R. Doc. 1 at 1 ¶ 3.
[14] Plaintiff did not attach her Amended Complaint to her Motion for Leave to Amend. Instead, she subsequently mailed it to the Court, after receipt of which it was docketed by the Clerk of Court's Office as R. Doc. 16.

position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend"). The decision to grant leave is within the sound discretion of the court.[15] However, "if the district court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citation omitted).

Here, Plaintiff's Motion for Leave was filed within nearly 4 months of the original Complaint and before the parties have proceeded very far in discovery. It also was filed within the deadline for filing amended pleadings set forth in the Scheduling Order (R. Doc. 10) issued by this Court. Plaintiff's Amended Complaint includes "additional claims," including claims against the individual defendants, and it addresses some issues raised in Defendants' Motion to Dismiss.[16]

Generally, when a plaintiff seeks to amend following a motion to dismiss, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008); *see also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (finding district court abused its discretion in granting motion to dismiss while denying subsequently filed motion for leave to amend as moot); *Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party

---

[15] "The types of reasons that might justify denial" of leave to amend "include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy*, 660 F.2d at 598.

[16] R. Doc. 13 at 1 ("The Amended Complaint allows Foster to plead additional claims and to make claims against Defendants…in their individual capacities. As outlined by Defendant's attorney, Mr. LeClercq, in his Motion to Dismiss and Memorandum."); R. Doc. 13-1 at 11 ("Plaintiff prays to be allowed plead [sic] facts to meet plausibility and standard of stating prima facie cases."); *Id.* at 12 ("Plaintiff will need leave to address and answer Defendants' Motion to Dismiss to amend her complaint initially filed in the 19th Judicial Court of Baton Rouge, LA and moved into this Court.").

resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

This 'preferred course' seems especially appropriate here, given that the case is in its infancy, has a Plaintiff proceeding *pro se*, and involves numerous legal issues with multiple Defendants.[17] Further, not only does Plaintiff's Motion for Leave remain unopposed, but Defendants already have filed a second Motion to Dismiss that responds to Plaintiff's Amended Petition, discussed in more detail below.

As such, for the reasons given above, the Court recommends granting Plaintiff's Motion for Leave (R. Doc. 13) to file her Amended Complaint, which already has been entered into the record by the Clerk of Court (R. Doc. 16). Plaintiff's Second Amended Complaint would then serve as the operative pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

### B.   Defendants' Motion to Dismiss

With regard to Defendants' Motion to Dismiss, "[m]any district courts — including [those in this Circuit] — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *Rodgers on Behalf of CJTJ v. Gusman*, No. 16-16303, 2019 WL 186669, at *2 (E.D. La. Jan. 14, 2019); *see also Garcia v. City of Amarillo, Texas*, No. 18-95, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018) ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint."); *Xtria, LLC v. Int'l Ins. Alliance Inc.*, No. 09-2228, 2010 WL 1644895, at *2 (N.D.

---

[17] The Court, however, is not indicating that Plaintiff should be given unlimited, or even additional, opportunities to amend.

Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

Moreover, Defendants have already recognized this tendency and have filed a second Motion to Dismiss that responds to Plaintiff's Amended Petition, stating:

> Defendants had previously filed a Motion to Dismiss, which addressed only the original Petition filed by Plaintiff in state court prior to removal to this Honorable Court, which has not yet been ruled on to date. This Motion to Dismiss is intended to replace the original Motion to Dismiss, as it is now moot with the Second Amended Complaint. This Motion is directed at all 3 of Plaintiff's Petitions/Complaints filed in regard to the above related action, which contain many new allegations and claims that were not pled in the original Petition and were not addressed in the previously filed Motion to Dismiss.[18]

The Court, therefore, finds that Defendants' initial Motion to Dismiss should be denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave (R. Doc. 13) be **GRANTED**. Plaintiff's Amended Complaint (R. Doc. 16) has already been filed in the record by the Clerk of Court and will now serve as the operative pleading.

**IT IS FURTHER RECOMMENDED** that Defendants' initial Motion for Dismiss (R. Doc. 4) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on November 30, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 21-1 at 1-2.